NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARC H. KARDELL, | No. 14-35817 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-00736-MC |
| v. | |
| LANE COUNTY; LIANE RICHARDSON; ALEX GARDNER, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 9, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[**] Senior District Judge.

In this suit, Marc Kardell claims that he was fired from his position in the Lane County Counsel's office in retaliation for speech protected by the First Amendment and in violation of an Oregon whistleblower statute. He also claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

that he was denied procedural due process in connection with the termination. The district court granted summary judgment to defendants Lane County, Liane Richardson, and Alex Gardner (collectively "the County"). We have jurisdiction of Kardell's appeal under 28 U.S.C. § 1291. We affirm as to the procedural due process claim, but vacate the summary judgment on the First Amendment and whistleblower claims and remand for further proceedings.

1.      To establish First Amendment retaliation, Kardell was required to demonstrate that his speech addressed an issue of public concern, was made in the capacity of a private citizen, and was a substantial or motivating factor in an adverse employment decision. *Eng v. Cooley*, 552 F.3d 1062, 1070–71 (9th Cir. 2009). If Kardell met this burden, the County had the burden to establish that legitimate administrative interests justified restricting Kardell's speech or that it would have made the same employment decision absent his speech. *Id.* at 1071–72.

2.      Kardell claims he was fired in retaliation for statements to Human Resources about his superior. The district court, relying mainly on Kardell's description of his statements in his declaration, held that the statements did not address an issue of public concern. But Kardell's declaration states that he was concerned that his superior was "spending money to conduct outside investigations of meritless allegations" and that he "brought this matter to HR." Viewed in the light most favorable to Kardell, *see Ellins v. City of Sierra Madre*, 710 F.3d 1049,

2

1056 (9th Cir. 2013), the declaration is evidence that Kardell spoke on a matter of public concern, *see Johnson v. Multnomah Cty.*, 48 F.3d 420, 425–26 (9th Cir. 1995). The district court therefore erred in granting summary judgment on this claim.[1]

3. Kardell also contends that he was fired in retaliation for an email to the Board of County Commissioners about a coworker's retirement. The district court correctly held that the email did not address a matter of public concern. *See Connick v. Myers*, 461 U.S. 138, 148 (1983) (holding that speech which "reflect[s] one employee's dissatisfaction with [an employment decision] and an attempt to turn that displeasure into a cause célèbre" is not of public concern).

4. The district court held that Kardell's whistleblowing claim "fails for the same reasons the retaliation claim fails." Because we vacate summary judgment on the retaliation claim with respect to the statements to Human Resources, we also vacate summary judgment on the whistleblowing claim arising from those statements.

5. The district court correctly rejected Kardell's procedural due process claim. "The essential requirements of due process . . . are notice and an opportunity

---

[1] We decline to address in the first instance whether the County is entitled to summary judgment on the other *Eng* factors or whether the individual defendants are entitled to qualified immunity. The district court may address these issues on remand.

to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Kardell received adequate notice on May 3, 2012, that his position was being eliminated as of May 18, 2012. Kardell concedes that a pretermination hearing is not required when an employee is subject to a bona fide layoff, but claims that a hearing was required here because the purported layoff was pretextual. This claim fails, because Kardell never requested such a hearing. *See Perry v. Sinderman*, 408 U.S. 593, 603 (1972) (public employer must "grant a hearing at [the employee's] request" if employee has property interest in continued employment); *cf. Levine v. City of Alameda*, 525 F.3d 903, 905–06 (9th Cir. 2008) (public employee who "requested a pretermination hearing regarding his lay off" was entitled to a hearing).

**AFFIRMED in part; VACATED and REMANDED in part.** Each party shall bear its own costs.